**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BARRY LOUIS LAMON, | No. 13-16785 |
| Plaintiff - Appellant, | D.C. No. 1:09-cv-00157-AWI-SKO |
| v. | |
| HANS BIRKHOLM, M.D., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Anthony W. Ishii, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

Barry Louis Lamon, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs and retaliation.  We have

jurisdiction under 28 U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Lamon's deliberate indifference claim because Lamon failed to raise a genuine dispute of material fact as to whether defendant Birkholm was deliberately indifferent to Lamon's serious foot condition. *See id.* at 1057 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to an inmate's health; "[m]ere negligence in . . . treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights" (citation and internal quotation marks omitted)).

The district court properly granted summary judgment on Lamon's retaliation claim because Lamon failed to raise a genuine dispute of material fact as to whether Birkholm failed to provide orthotics due to Lamon accusing him of taking kickbacks. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (setting forth elements of a retaliation claim in the prison context).

The district court did not abuse its discretion in denying Lamon's discovery requests prior to summary judgment. *See Hallet v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (providing standard of review for discovery motions and noting the trial court's broad discretion in discovery matters); *Maljack Prods., Inc. v. GoodTimes Home Video Corp.*, 81 F.3d 881, 887-88 (9th Cir. 1996) (requirements

for obtaining additional discovery before court considers summary judgment motion).

**AFFIRMED.**